

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

September 23, 1971

Honorable Jack Burton, O.D.
Chairman
Texas Optometry Board
603 West 13th Street #115
Austin, Texas 78701

Opinion No. M-958

Re: (1) Whether the Board may use certain material as written examinations for licenses; and;

(2) Whether Article 4552-215(c) Vernon's Civil Statutes, of the Texas Optometry Law is constitutional?

Dear Dr. Burton:

Your request to this office for an official opinion poses two questions:

1. Whether or not the Texas Optometry Board is authorized to use a written examination developed by the International Association of Boards of Optometry, rather than the written examination ordinarily given under the Texas Optometry Law, to test applicants.

2. Whether Article 4552-2.15(c), Vernon's Civil Statutes, is constitutional?

Your first question is given a qualified affirmative answer.

The Board may use the written examination made available by the International Assoication of Boards of Optometry or any other written examination approved by the Board, but only so long as the examination given to applicants complies in all material respects with the requirements set out in Articles 4552-3.05 and 4552-3.06, Vernon's Civil Statutes.

Article 4552-3.05 is quoted as follows:

"The examination shall consist of written, oral or practical tests, in practical, theoretical, and physiological optics, in theoretical and practical optometry, and in the anatomy, physiology, and pathology of the eye as applied to optometry and in such other subjects as may be regularly taught in all recognized standard optometric universities or schools."

-4692-

Article 4552-3.06 states:

"All examinations shall be conducted in writing and by such other means as the board shall determine adequate to ascertain the qualifications of applicants and in such manner as shall be entirely fair and impartial to all individuals and every recognized school of optometry.  All applicants examined at the same time shall be given the same written examination."

It is observed that in implementing the requirements set out above the Board may require such other means they determine adequate to ascertain the qualifications of applicants, and, they may stipulate in such manner as shall be entirely fair and impartial to all individuals and every recognized school of optometry.

We answer your second question in the affirmative.  Article 4552-2.15(c) is quoted as follows:

"(c)  The funds realized from annual renewal fees shall be distributed as follows: $10 of ^ach renewal fee collected by the board shall be dedicated to the University of Houston Development Fund. The license money placed in the development fund pursuant hereto shall be utilized solely for scholarships and improvements in the physical facilities, including library, of the School of Optometry.

"The remainder of the fees attributable to annual renewal fees and all other fees payable under this Act shall be placed in the state treasury to the credit of a special fund to be known as the 'Optometry Fund,' and the comptroller shall upon requistion of the board from time to time draw warrants upon the state treasurer for the amounts specified in such requistion; provided, however, the fees from this optometry fund shall be expended as specified by itemized appropriation in the General Appropriations bill and shall be used by the Texas Optometry Board, and under its direction in carrying out its statutory duties."

Moneys appropriated by the Legislature may be expended for the purpose or purposes specified, provided the purpose is for a public or governmental use as distinguished from private uses.

State v. City of Austin, 160 Tex. 348, 331 S.W.2d 737 (1960); Bexar County v. Winden, 110 Tex. 339, 220 S.W. 761 (1920); Road District No. 4, Shelby County v. Allred, 123 Tex. 77, 68 S.W.2d 164 (1934); Jefferson County v. Board of County and District Board Indebtedness, 143 Tex. 99, 182 S.W.2d 908 (1944); City of Aransas Pass v. Keeling, 112 Tex. 339, 247 S.W. 818 (1923).

It is our opinion that the purposes specified in Section 2.15(c) of this Article are governmental purposes or uses as distinguished from private purposes or uses and thus there are no constitutional prohibitions.

## SUMMARY

The Texas Optometry Board may use the written examination made available by the International Association of Boards of Optometry or any other written examination approved by the Board, but only so long as the examinations given to applicants comply in all material respects with the requirements set out in Articles 4552-3.05 and 4552-3.06, Vernon's Civil Statutes.

Article 4552-2.15(c), Vernon's Civil Statutes, of the Texas Optometry Law, is constitutional.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Sam Jones
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Jim Swearingen
Brandon Bickett
A. J. Gallerano
Howard Fender

SAM MCDANIEL
Acting Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant